IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RON BROOKS,**

    **Plaintiff,**

**v.**                                                                                                           **No. CIV 08-0968 BB/DJS**

**GENERAL ELECTRIC,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis (IFP) **[Doc. No. 2],** filed on October 17, 2008. Along with his motion to proceed IFP, Plaintiff filed a financial affidavit pursuant to 28 U.S.C. §1915.[1] Having reviewed Plaintiff's motion, his financial affidavit, and the applicable law, the Court finds that the motion is well taken and will be **GRANTED**.

"[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Plaintiff's financial affidavit indicates his

---

[1] Under § 1915(a), a district court "may authorize the commencement, prosecution or defense of any suit, action or proceedings, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a); *see also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005) (recognizing that the affidavit requirement applies to all persons requesting leave to proceed IFP).

monthly expenses are in excess of his monthly income. Thus, Plaintiff has met his burden of showing "a financial inability to pay the required filing fees."

In addition, under §1915(e), the Court determines whether Plaintiff's action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [ ] seeks monetary relief against a defendant who is immune from such relief." §1915(e)(2)(B)(i)-(iii). Plaintiff filed his Complaint pursuant to §1983 against a defendant that is not a state actor. *See Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995)(Section 1983 provides a remedy for constitutional violations committed by state actors.). Nonetheless, because Plaintiff is proceeding *pro se*, the Court reviews his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff, who is African American, filed his Complaint on October 17, 2008. In his Complaint, Plaintiff alleges as follows. Plaintiff worked for General Electric for approximately ten years. He, along with several other employees, was laid off sometime in 2001. Pl.'s Unnumbered Ex. 1 (January 2008 Charge of Discrimination presented to EEOC, stating: "I am very qualified because I worked for [GE Aviation] for about 10 years, however I was laid off about 6 to 7 years ago."). These employees applied to be rehired and only "the people of color" were not rehired.

The employees that were not rehired filed a charge of discrimination against General Electric. The employees also sought the assistance of the NAACP. General Electric settled the employees discrimination complaints with EEOC through a conciliation agreement. Apparently, the aggrieved employees were interviewed "during the same week, by the same interviewers" and "were given settlements." Pl.'s Compl. at 4. Plaintiff asserts he was interviewed and "EEOC ask[ed] me if I would take my job back or mediate." *Id.* Through the process of conciliation,

2

EEOC settled the employees complaints of discrimination and "employees that [Plaintiff] talked to settled for 20 to 50 thousand dollars, some were offered jobs back." *Id*. at 3.  Although Plaintiff was part of the group and went through the conciliation process, he was not included in the conciliation agreement that the EEOC negotiated with General Electric.

Plaintiff sought answers from the NAACP and the EEOC but was unsuccessful.  It appears from the documents attached to Plaintiff's Complaint that the EEOC filed a new charge of discrimination against General Electric on behalf of Plaintiff.  It is not clear to the Court whether the EEOC misconstrued Plaintiff's request for information regarding his initial charge of discrimination or whether, in fact, Plaintiff recently applied for a position with General Electric.  *See* Pl.'s Compl. at 3 ("The paperwork the EEOC presented had the wrong dates on them and I did not give those dates . . . see attachments.").

> Plaintiff requests answers to his initial discrimination charge, stating:
>
> I worked at GE for about 10 years, was laid off with large group.  Applied to be rehired, was interviewed in the same week by the same people as several other possible employees.  The people of color were not hired? the others were?  GE worked with EEOC and NAACP to settle this.  GE paid out lots of money 2 months ago but my name was mysteriously taken off the list even though I had the most experience and was with the same group of applicants?
>
> The EEOC, GE or NAACP are not able to tell me why my name was excluded, why there were meetings being held about my case as well as negotiations going on, yet I wasn't informed.  Also when I called NAACP to complain the two men in charge resigned!?  EEOC says she can't talk about it with me.
>
> Employees that I talked to settled for 20 to 50 thousand dollars [and] some were offered jobs back?  NAACP and EEOC admitted that my name and my brothers names were on the list.  Why was my name taken off?  Can I at least get an answer.  Other people of color, of the same interview, during the same week, by the same interviewers were given settlements.  EEOC askd me if I would take my job back or mediate . . . I was open for this but next thing I knew my name was off the list?

Pl.'s Compl. at 2-4.

In screening Plaintiff's Complaint, the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED.R.CIV.P.12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Under this standard, the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted). Moreover, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (internal quotation omitted). Applying this standard, the Court finds that Plaintiff has alleged sufficient facts to proceed with this action under Title VII. Thus, Plaintiff must amend his Complaint to bring his action under Title VII. Plaintiff must also provide more facts in regard to the initial charge of discrimination. Plaintiff has twenty (20) days from the date of the filing of this Memorandum Opinion and Order to amend his Complaint.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff has twenty (20) days from the date of the filing of this Memorandum Opinion and Order to amend his Complaint.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**